Dr. Ramon Powers Executive Director Kansas State Historical Society 120 W. 10th Street Topeka, Kansas 66612
Dear Dr. Powers:
As Executive Director of the Kansas State Historical Society you ask several questions concerning the duties of local governments and the Board of Regents and Regents institutions when they assume responsibilities of the State Historic Preservation Officer (SHPO) by forming local historic preservation committees pursuant to K.S.A. 75-2724(e) and (f).
The SHPO is the Secretary of the State Historical Society.[1]
The SHPO reviews projects of the state and political subdivisions or instrumentalities thereof that might encroach upon, damage or destroy any historic property or its environs, if the historic property is included on the state or national registers.[2]
If the SHPO determines that a project will encroach upon, damage or destroy such historic property, the project shall not proceed until a determination is made that there is no feasible and prudent alternative to the proposal and that the program includes all possible planning to minimize harm to the property.[3]
This determination is made by the Governor, in the case of a project of the state or an instrumentality thereof, or the governing body of the political subdivision, in the case of a project of a political subdivision or an instrumentality thereof.[4]
The SHPO is authorized to enter into agreements with cities, counties, and the Board of Regents or any Regents institution, by which the SHPO's authority is delegated to the local entity to perform "any and all responsibilities of the state historic preservation officer under subsections (a), (b), and (c)," i.e. to make the determination that a proposed project will encroach upon, damage or destroy an historic property.[5] In the case of cities and counties, the statutes expressly require the agreement to provide that the SHPO retains final authority, but such qualification is not present in the section concerning the Board of Regents or Regents institutions.[6] Nothing prohibits the KSHS from contractually retaining such authority, however.
The SHPO has entered such agreements with several cities and universities. In practice, the SHPO uses form contracts for such agreements. While there are differences between the contracts for cities and those for universities, both require that an historic preservation board or commission be established. Your question concerns what happens when there is overlapping jurisdiction with such local historic commissions. For instance, suppose the City of Lawrence and the University of Kansas (KU) had entered agreements with the SHPO to establish local historic preservation commissions. (In actuality, KU has; Lawrence has not.) If KU proposed to demolish a building on University property that is in the environs of a listed historic property, but the listed historic property is not on University property but rather is within the jurisdiction of the City of Lawrence, which historic preservation commission would review the project to determine if it would encroach upon, damage or destroy any historic property? The same conflict arises if the demolition project is in Lawrence, but the listed historic property is on University property. The conflict could also arise between a city and a county.
Cities generally do not have authority over universities within their boundaries. K.S.A. 75-3741c provides that no state project shall be subjected to any requirement to obtain any permit, license, or other instrument of approval which is imposed by any county, township, district, city or other political subdivision of the state. Prior to enactment of this statute, the Kansas Supreme Court considered a case in which a city tried to impose its building codes on a university.[7] The Court rejected the city's argument that it could exercise its home rule power over a university, reasoning that building concerns on a university campus are not concerns which are "limited to local affairs of the City as contemplated by the home rule amendment."[8]
The authority of universities is also limited. Universities are supervised and controlled by the Board of Regents.[9] While the Board of Regents is a constitutional entity, it only has authority over "universities and colleges granting baccalaureate or postbaccalaureat degrees and such other institutions and educational interests as may be provided by law."[10] KU itself was created by statute.[11] The Kansas Supreme Court has said of entities created by statute:
 "Administrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes. There is no general or common law power that can be exercised by an administrative agency."[12]
For either KU or City of Lawrence to have authority over the other, there would have to be specific statutory or constitutional authority. Reading K.S.A. 75-2724 to grant such authority leads to a morass of conflicting conclusions. If KU reviews a project occuring in Lawrence, who makes the determination whether there is a feasible and prudent alternative? The Governor? The Lawrence City Commission? Both? What if they disagree? If both KU and the City of Lawrence review the project and there are conflicting findings on whether it would encroach, damage or destroy, who holds the trump card?
 "Interpretation of statutes is a question of law. The function of the court is to interpret the statutes, giving the statutes the effect intended by the legislature. [Citation Omitted.] As a general rule, statutes are construed to avoid unreasonable results."[13]
 "A construction of a statute should be avoided which would render the application of a statute impracticable or inconvenient, or which would require the performance of a vain, idle, or futile thing, or attempt to require the performance of an impossible act."[14]
Reading K.S.A. 75-2724 to allow universities and cities to have overlapping jurisdictions for projects which straddle the boundary lines would lead to absurd results and possibly conflicting decisions. We believe to avoid the absurd, agreements between the SHPO and cities, counties, the Board of Regents, and Regents institutions cannot include the authority to review whether projects will encroach, damage or destroy unless those projects are actually within their boundaries. Projects which do straddle boundary lines would, by default, have to be reviewed by the SHPO. We also believe that the SHPO could enter into an agreement with both entities, such as a university and city, to provide for a joint local historic preservation commission which would consider projects which straddle boundary lines.
You also ask whether such campus historic preservation commissions are subject to the Kansas Open Meetings Act (KOMA). Counsel for KU informs us that the Campus Historic Preservation Committee at KU is a nine person committee appointed by the Provost. Eight of the persons are either faculty or staff, and one is a community member.
The KOMA applies to:
 "[A]ll legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending or supported in whole or in part by public funds. . . ."[15]
K.S.A. 77-502 defines "state agency":
 "State agency" means any officer, department, bureau, division, board, authority, agency, commission or institution of this state, except the judicial and legislative branches of state government and political subdivisions of the state, which is authorized by law to administer, enforce or interpret any law of this state."
The Campus Historic Preservation Committee is authorized to administer and enforce the provisions of K.S.A. 75-2724. This is not merely a staff meeting at a government agency. We believe that it is an administrative body or agency as defined by the KOMA and the provisions of the KOMA apply to it.
One issue that has been raised is that perhaps the provisions of K.S.A. 75-2724, by implication, preclude application of the KOMA. In discussing the SHPO (whose authority has been delegated to the committee), the statute says:
 "The state historic preservation officer may solicit the advice and recommendations of the historic sites board of review with respect to such project and may direct that a public hearing or hearings be held thereon."[16]
The argument is that because the statute refers to an optional public hearing, the statute implies that meetings do not otherwise have to be open and the KOMA does not apply.
The SHPO, to whom the statute literally applies, is an individual. Individuals are generally not considered to come within the KOMA because under such an interpretation the KOMA's provisions would be reduced to absurdity.[17] (If an individual were subject to KOMA, the individual would also constitute a majority of a quorum and could not talk to him or herself without giving notice to those who have requested notice.) We believe that the statute is merely authorizing the SHPO so to hold a public hearing when the SHPO desires. A "public hearing" contemplates more than a simple meeting. A "public hearing" generally connotes public comment, something which the KOMA does not mandate. We therefore believe that K.S.A. 75-2724 does not preclude application of KOMA.
In summary, we believe that local historic preservation commissions of cities, counties, and universities do not have jurisdiction beyond their geographic borders. Decisions on projects that affect historic properties affecting more than one such entity must be made by the SHPO, absent an agreement by all parties otherwise. Further, we believe that local historic preservation committees are subject to the KOMA.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] K.S.A. 75-2717.
[2] K.S.A. 75-2724(a).
[3] K.S.A. 75-2724(a).
[4] K.S.A. 75-2724(a)(1).
[5] K.S.A. 75-2724(e), cities and counties, K.S.A.75-2724(f) Board of Regents and Regents institutions.
[6] K.S.A. 75-2724(f).
[7] State ex rel. Schneider v. City of Kansas City,228 Kan. 25 (1980).
[8] Id. at 32.
[9] Kan. Const., Art. 6, § 2; K.S.A. 76-712.
[10] Id.
[11] L. 1863, ch. 67; L. 1864, Ch. 105.
[12] Pork Motel, Corp. v. Kansas Dept. of Health Environment, 234 Kan. 374, 378 (1983).
[13] State ex. rel. Stephan v. Kansas Racing Comm'n,246 Kan. 708, 719 (1992).
[14] In re Adoption of Baby Boy L., 231 Kan. 199, Syl. ¶ 8, (1982).
[15] K.S.A. 75-4318.
[16] K.S.A. 75-2724(a).
[17] See Attorney General Opinion No. 97-40.